UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAYL THERESE PAYTON,<br>    **Plaintiff** | CIVIL ACTION |
| VERSUS | NO. 19-13602 |
| TOURO INFIRMARY HOSPITAL, ET AL.<br>    **Defendants** | SECTION: "E" (4) |

### ORDER AND REASONS

Before the Court is a motion to dismiss filed by Defendant Douglas N. Lurie[1] and a motion to dismiss filed by Defendants Touro At Home and Touro Infirmary Hospital.[2] Plaintiff Gayl Therese Payton did not oppose these motions. For the following reasons, Defendants' motions are **GRANTED.**

### BACKGROUND

In her Amended Complaint, Plaintiff alleges various medical malpractice claims against Defendants and cites Louisiana Revised Statute § 9:2794 as the statute under which this case is brought and which gives rise to the Court's federal question jurisdiction over this case.[3] Plaintiff provides her residential address in New Orleans, Louisiana.[4] Plaintiff provides New Orleans, Louisiana, addresses for all Defendants.[5]

---

[1] R. Doc. 22.
[2] R. Doc. 23.
[3] R. Doc. 18-1, at 5–7.
[4] *Id.* at 2.
[5] *Id.* at 3.

1

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[6] Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to 28 U.S.C. § 1332, federal district courts also have original jurisdiction over all civil matters in which the plaintiffs are citizens of different states from the defendants and the amount in controversy exceeds $75,000.[7] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[8]

## **LAW AND ANALYSIS**

Plaintiff has failed to establish the Court has subject-matter jurisdiction over this case. The citizenship of Plaintiff is not different from the citizenship of Defendants—Plaintiff's complaint states she resides in Louisiana and states Defendants' addresses are in Louisiana.[9] Accordingly, the complete diversity requirement of 28 U.S.C. § 1332 is not satisfied, and the Court lacks statutory or constitutional power to adjudicate the case based on diversity of citizenship. Plaintiff has also failed to identify any federal question at issue in the case. Plaintiff claims the Court can exercise federal question jurisdiction over this case but cites only Louisiana Revised Statute § 9:2794, not the "Constitution, laws, or treaties of the United States."

---

[6] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[7] 28 U.S.C. § 1332(a).
[8] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[9] R. Doc. 18-1, at 2–3.

**CONCLUSION**

**IT IS ORDERED** that the Defendants' motions to dismiss are **GRANTED**.[10]

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.[11]

New Orleans, Louisiana, this 19th day of May, 2020.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc 22; R. Doc. 23.
[11] *New S. Fed. Sav. Bank v. Murphree*, 55 F. App'x 717 (5th Cir. 2002) ("A dismissal for lack of jurisdiction is not a decision on the merits and should be without prejudice.").